UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lawrence Baer and Craig Kraft, on behalf      Civil No. 03-3460 (PAM/JSM)
of themselves and all others similarly situated,

                       Plaintiffs,

v.                                                      **ORDER**

G&T Trucking Co.,

                       Defendant.

---

This matter is before the Court on Plaintiffs' Appeal of the Amended Cost Judgment, which the Clerk of Court entered on September 6, 2005, in the amount of $2,242.30. For the reasons that follow, the Appeal is denied.

**A.**     **Prevailing Party**

Plaintiffs claim that Defendant is not allowed to recover the costs awarded in the Amended Cost Judgment because Defendant is not the prevailing party in the litigation. After Plaintiffs voluntarily dismissed their federal claim, the Court declined to exercise supplemental jurisdiction over the state law claims and dismissed the action. Plaintiffs contend that because they voluntarily dismissed the claim, Defendant is not the prevailing party.

Federal Rule of Civil Procedure 54(d) allows the prevailing party to recover litigation costs other than attorneys' fees "as of course . . . unless the court otherwise directs."[1] Although "a voluntary dismissal without prejudice means that neither party can be said to have

---

[1] Those costs include fees for stenographic transcripts by court reporters, as well as witness fees. See 28 U.S.C. § 1920.

prevailed," Rule 54(d) does not prevent the trial court from awarding costs incurred in defending an action prior to voluntary dismissal. Sequa Corp. v. Cooper, 245 F.3d 1036, 1037-38 (8th Cir. 2001). Therefore, the Court finds that the Clerk properly taxed costs against Plaintiffs.

**B.     Taxable Costs**

Plaintiffs argue that the costs incurred with discovery depositions are not recoverable. However, the relevant inquiry "is whether the depositions reasonably seemed necessary at the time they were taken." Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997). Indeed, these depositions were taken before the voluntary dismissal of Plaintiffs' claim and were clearly relevant to the underlying litigation. Accordingly, the Court finds that these costs were properly taxed.

**CONCLUSION**

The Court finds that Defendant is entitled to taxation of costs as set forth by the Clerk in the Amended Cost-Judgment (Clerk Doc. No. 121). Accordingly, based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Appeal of the Amended Cost Judgment (Clerk Doc. No. 122) is **DENIED**.

Dated: November 3, 2005

s/ Paul A. Magnuson

Paul A. Magnuson
United States District Court Judge
